UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Eduard Gladyshev,

                Plaintiff,         Civil Case No. 1:23-cv-1405-ENV-PK

         v.                          **AMENDED COMPLAINT**

Experian Information Solutions, Inc., and
Navy Federal Credit Union,

                Defendants.

------------------------------------------------------------X

      Plaintiff Eduard Gladyshev, by and through the undersigned counsel, states as follows:

      1.      The Plaintiff seeks redress for the Defendants' violations of the Fair Credit Reporting Act (or "FCRA"), 15 U.S.C. § 1681, *et seq.*

      2.      This Amended Complaint (hereinafter "Complaint') is filed pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

      3.      Defendant Experian Information Solutions, Inc. ("Experian") has asserted jurisdiction of the present forum by removing the action from state court. Experian contends that subject matter jurisdiction lies with this Court pursuant to 28 U.S.C. § 1331 as Plaintiff's claims raise federal questions under the FCRA. (*See* Experian's Notice of Removal ¶ 7, February 22, 2023, ECF Doc. # 1.)

      4.      Though jurisdiction has been asserted by Defendant Experian, the Plaintiff contends that the Eastern District of New York is the proper venue as the Defendants reside in

1

this district; and a substantial part of the events or omissions giving rise to the claims occurred in this district. *See* 28 U.S.C. § 1391(b)-(c).

## THE PARTIES

5. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6. The Plaintiff is an adult individual who resides in the County of Kings in the State of New York. The Plaintiff is a "consumer" pursuant to the FCRA. *See* 15 U.S.C. § 1681a.

7. Defendant Experian is a foreign business corporation. Experian is a consumer reporting agency and a distributor of consumer reports. *Id.*

8. Defendant Navy Federal Credit Union ("Navy Federal") is a financial credit union with a principal office located at 820 Follin Lane SE, Vienna, VA, 22180. Navy Federal is a furnisher of credit reporting information. *See* 15 U.S.C. § 1681s-2.

9. For the last five or more years, Experian has been generating and distributing consumer credit reports with respect to the Plaintiff. Navy Federal has furnished credit reporting agencies with incorrect information regarding the Plaintiff since approximately August of 2021.

## FACTUAL ALLEGATIONS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### i. Actions and Omissions by Navy Federal

11. On or about November 24, 2021, the Plaintiff discovered that Navy Federal was informing credit reporting agencies that he had, *inter alia*, 1) a credit card account, 2) a balance of greater than $20,000, and 3) an address of 100 Terrace Avenue in Hempstead. This information was incorrect as the Plaintiff has never done business with Navy Federal, and he has never resided

at the aforementioned address. An account was fraudulently opened in the Plaintiff's name at Navy Federal.

12. On the above date, the Plaintiff contacted Navy Federal and informed an agent that the above account was appearing on his credit reports even though he did not have an account with the company. The Plaintiff asked to have the information deleted. The Navy Federal agent said the company would review the issue, and the Plaintiff was provided with incident number 211124-042644.

13. On or about December 1, 2021, the Plaintiff filed a statement with the Federal Trade Commission explaining that his credit reports showed that an account was fraudulently opened in his name at Navy Federal.

14. Later in December, the Plaintiff contacted Navy Federal by phone to inquire on the status of his dispute. He was informed that the dispute was still being investigated. In the same month, Experian informed the Plaintiff that its investigation was complete; but nonetheless, the Navy Federal account continued to appear on credit reports.

15. On or about December 12, 2021, the Plaintiff submitted a written dispute to Navy Federal. In the dispute letter, the Plaintiff informed Navy Federal that the account was opened fraudulently in his name. He provided a police report, an identity theft report, identification information, and excerpts of his credit report.

16. On or about January 13, 2022, the Plaintiff sent Navy Federal a written request for transaction records related to the fraudulent account. These records were never provided. The Plaintiff also submitted another written dispute to Navy Federal as the account still had not been removed from his credit reports.

17. On or about January 20, 2022, the Plaintiff contacted Navy Federal by phone and was informed that the investigation of the above-described account had been closed. Later, a Navy Federal agent told the Plaintiff that the matter was transferred from the fraud department to the security department and another sixty days would be needed to complete an investigation. Navy Federal did not explain why the investigation was at first represented to be closed.

18. Approximately five days later (on or about January 25, 2022), Navy Federal informed the Plaintiff that its investigation was complete and the account information would not be deleted. An agent told the Plaintiff that his request was denied because there were several communications to Navy Federal using a phone number ending in 5979. The Plaintiff said that he never owned such a phone number. The agent informed the Plaintiff that he could file a security appeal with Navy Federal to further dispute the item.

19. On or about January 31, 2022, the Plaintiff submitted a security appeal to Navy Federal, asking again that the company remove the incorrect account information from his credit reports. The appeal contained the same information that the Plaintiff had previously provided to Navy Federal.

20. On or about February 24, 2022, Navy Federal removed the negative account information from the Plaintiff's credit reports.[1] This result, however, occurred after three months, many calls, several written disputes, and hours of the Plaintiff's time. Upon information and belief, Navy Federal did not conduct a timely investigation; it continued to report negative information while it had actual knowledge of the errors; it did not properly report investigation results to consumer reporting agencies; and it did not modify or adjust reporting information pursuant to a proper investigation. *See* 15 U.S.C. § 1681s-2.

---

[1] Upon information and belief, the incorrect Terrace Avenue address still remains on the Plaintiff's credit report. Upon information and belief, inquiries related to the identity theft also remain on the credit report.

### ii. Actions and Omissions by Experian

21.     In November of 2021, the Plaintiff contacted Experian and disputed information reported on his credit report by Navy Federal. The Plaintiff informed Experian that the Navy Federal account was fraudulent and he was the victim of identity theft. Thereafter, Experian removed the Navy Federal account from the Plaintiff's credit report. However, between November and December of 2021 (approximately), Experian placed the disputed Navy Federal account back onto the Plaintiff's credit report.

22.     On or about December 8, 2021, Experian stated in writing that it investigated the Plaintiff's dispute and attached an updated credit report. The report stated the following: the Navy Federal account was opened on August 31, 2021; the account had a balance of $23,249; the account had a credit limit of $25,000; the account had a monthly payment amount of $140; there was a recent payment of $140; and there were three timely payments as per the payment history section. The credit report also contained a balance history section showing only one month, October 2021, when there was a balance of $6,955, "$0" in scheduled payments, and "$0" in paid amounts.

23.     Experian's updated credit report contained *prima-facie* contradictions and errors. For instance, the payment history section showed that a current payment was made in October, yet the balance history section showed that $0 was paid in October. Furthermore, the balance history section showed $0 in scheduled payments, while the account information section showed $140 as scheduled monthly payments. If Experian had conducted a basic, cursory review of this reporting by Navy Federal it would have noticed the aforementioned problems.

24. Later in December, after receiving the above-stated report, the Plaintiff contacted Experian again; he maintained his dispute and reiterated that he was the victim of identity theft; he provided Experian with an identity theft report; he provided Experian with a police report; and he asked for transaction records pertaining to the account.

25. On or about December 13, 2021, Experian sent the Plaintiff a document entitled, "Your Dispute Results Report # 2061-9676-31 . . ." The report contained Navy Federal account information that was similar to what was shown in the prior report. Furthermore, the report stated, "Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete." However, the report also stated, "Still pending NAVY FEDERAL CR UNION . . . Projected completion date : Jan 7, 2022." Experian provided no explanation for why the investigation was deemed both "complete" and "[s]till pending[.]"

26. On or about January 25, 2022, Experian provided the Plaintiff with another report stating that its investigation was complete. As per the document, the Navy Federal account remained on the Plaintiff's credit report. The said report contained account information that was similar to the reports provided in December of 2021.

27. Upon information and belief, Experian claimed to have investigated the above-described account at least three times. All investigation reports contained confusing and contradictory information on the Navy Federal account; and none of the reports demonstrated that the documents supporting the Plaintiff's identity theft assertions were reviewed in a meaningful way. The negative account information was eventually removed by Navy Federal, but only after three months of time-consuming efforts by the Plaintiff.[2]

---

[2] Upon information and belief, an incorrect Terrace Avenue address that is linked to the fraudulent account still remains on the Plaintiff's Experian credit report.

6

# DEFENDANTS' VIOLATIONS OF
# THE FAIR CREDIT REPORTING ACT

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Navy Federal violated the Fair Credit Reporting Act

   A. when it failed to conduct an investigation of disputed information pursuant to 15 U.S.C. § 1681s-2(b)(1)(A),

   B. when it failed to properly review all relevant information about the dispute, including identity-theft information provided by the Plaintiff and the credit reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b)(1)(B),

   C. when it, upon information and belief, failed to timely review the dispute and report the results to credit reporting agencies pursuant to 15 U.S.C. §§ 1681s-2(b)(1)(C) and 1681s-2(b)(2),

   D. when it failed to inform credit reporting agencies about incomplete or inaccurate information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D),

   E. when the Defendant failed to properly modify, delete, or block reporting of inaccurate, incomplete, or unverifiable information pursuant to 15 U.S.C. § 1681s-2(b)(1)(E), and

   F. when it failed to complete investigations, reports, and reviews within the time period prescribed by 15 U.S.C. § 1681s-2(b)(2).

30. Defendant Navy Federal's conduct, actions, and omissions were willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

31.	In the alternative, Navy Federal's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

32.	Defendant Experian violated the federal Fair Credit Reporting Act

   A. when it failed to conduct a reasonable reinvestigation to determine accuracy of credit reporting pursuant to 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5),

   B. when it failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" as required by 15 U.S.C. § 1681e(b),

   C. when it failed to properly review and consider all relevant information provided by the consumer pursuant to 15 U.S.C. § 1681i(a)(4),

   D. when it failed, upon information and belief, to obtain a certificate of accuracy before reinserting information into the credit report as required by 15 U.S.C. § 1681i(a)(5)(B)(i), and

   E. when it failed, upon information and belief, to provide timely dispute notifications to furnishers of items in dispute as required by 15 U.S.C. §1681i(a)(2)(A).

33.	Experian's conduct, actions, and omissions were willful, rendering the Defendant liable for actual, statutory, and punitive damages in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n.

34.	In the alternative, Experian's conduct, actions, and omissions were negligent, rendering it liable for actual and statutory damages pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered by

1. awarding the Plaintiff actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o against each Defendant, and

2. Granting such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated : April 7, 2023

Respectfully submitted,

By: _____
Hashim Rahman, Esq.
Rahman Legal
43 W 43rd Street, Suite 204
New York, NY 10036
hrahman@rahmanlegal.com
Phone: (347) 433-6139

*Attorney for the Plaintiff*